IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THEODORE GLADYSZ,**

   **Plaintiff,**

**v.**                  **Civil Action No. 3:08cv64**
                     **(Judge Bailey)**
**GEORGE TRENT, C.O. JACOBY,**
**C.O. MCCLAIN, C.O. GASKINS,**
**C.O. ELDERS, C.O. MCCRAY,**

   **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On March 25, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. On April 9, 2008, the plaintiff was granted permission to proceed as a pauper and was assessed an initial partial filing fee. The plaintiff paid the initial partial fee on April 28, 2008. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

### I. The Complaint

In the complaint, the plaintiff asserts that on April 1, 2007, he was maced and severely beaten by defendants Jacoby, McClain and Gaskins. As a result, the plaintiff asserts that his middle finger on his left hand was broken, his left shoulder was injured and that he suffered a pinched nerve in his neck and unspecified knees injuries. In addition, the plaintiff asserts that he was repeatedly poked in the eyes and ribs and that he received multiple bruises and lacerations.

Afterwards, the plaintiff asserts that although he was screaming in pain and asking for water to stop the burning caused by the mace, he was then cuffed and shackled and taken to the recreation

yard where defendants Jacoby, McClain and Gaskins played cruel games with him.  For example, the plaintiff asserts that he was directed to walk one complete lap around the recreation yard, while shackled and cuffed, without talking, crying or making any noise at all.  The plaintiff alleges that every time he successfully completed a lap, he was given one splash of water on his burning face. If he made a noise, or did not follow the rules of the game, the plaintiff asserts that he did not receive any water and that he had to start all over again.  The plaintiff asserts that this game went on for about 45 minutes while defendants Jacoby, McClain and Gaskins, laughed.

Once he was taken inside, the plaintiff asserts that he was stripped to his underwear and left in a cold cell for two days with no running water, no bedding or blankets, or anything else.  When he complained that he was cold, or asked for water, the plaintiff was told to "keep his mouth shut" or he would get "sprayed" again.  When the plaintiff told defendant Trent of the events previously described, defendant Trent allegedly told the plaintiff to keep his mouth shut or things would get worse.  At that time, defendant Elders was standing by with a can of mace at the ready, in a threatening manner.

During this same time, the plaintiff asserts that defendant McCray would not allow him access to his knee braces or medical shoes, which were allegedly prescribed by a doctor, and needed for plaintiff to walk.  When the plaintiff told defendant McCray that his knee braces and shoes were medically necessary, and had been approved by the administration, defendant McCray allegedly threatened the plaintiff verbally.

Besides the physical injuries already described, the plaintiff asserts that he also suffers from emotional and psychological injuries from the events described in the complaint.

As relief, the plaintiff seeks declaratory, compensatory and punitive damages against all of

the defendants.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

### A. Defendant Elders

In the complaint, the plaintiff asserts that defendant Elders stood next to defendant Trent when defendant Trent verbally threatened the plaintiff. During this time, the plaintiff asserts that defendant Elders held a can of mace at the ready, as if to spray the plaintiff. The plaintiff does not

---

[1] Id. at 327.

3

allege that defendant Elders actually made any threats, or that he actually participated in any of the alleged abuse. Accordingly, the plaintiff cannot maintain this action against defendant Elders. See Monell v. Department of Social Services, 436 U.S. 658 (1978) (in order to establish personal liability against a defendant in a §1983 action, the defendant must have been personally involved in the alleged wrongs); see also Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997).

**B.  Verbal Threats and Harassment**

Numerous courts around the country have held that "even the most abusive verbal attacks do not violate the constitution." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Nor do words or threats amount to assault under 42 U.S.C. §1983. Pierce v. King, 918 F.Supp. 932 (E.D.N.C. 1996), aff'd, 131 F.3d 136 (4th Cir. 1997), cert. granted and jdgmt. vacated on other grounds, 525 U.S. 802 (1998). Accordingly, to the extent that the plaintiff asserts that defendants Trent and McCray, or any other person, verbally threatened or harassed him, those claims are without merit.

**C.  Eighth Amendment Claims**

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards

an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

Moreover, while courts should give deference to a jail official's determination of what measures are necessary to maintain discipline and security, "the unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment which is prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 321-22 (1986). In order for a plaintiff to prove a claim of excessive force, the plaintiff must first establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Norman v. Taylor, 25 F.3d 1259, 1262 (4th Cir.1994) (en banc), cert. denied, 513 U.S. 1114 (1995)(quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Second, the plaintiff must show that the prison officials inflicted unnecessary and wanton pain and suffering. Hudson, 503 U.S. at 6; Williams v. Benjamin, 77 F. 3d 756 (4th Cir. 1996).

With regard to prison disturbances, whether unnecessary and wanton pain and suffering was inflicted "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley, 475 U.S. at 320-21. In determining whether the defendant acted maliciously and sadistically, the following factors should be balanced: (1) "the need for application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury"; (4) the threat reasonably perceived by the responsible official; and (5) "any efforts made to temper the severity of a forceful response." Id. at 321; see also Williams, 77 F. 3d at 762.

Moreover, in the Fourth Circuit, "absent the most extraordinary circumstances, a plaintiff

5

cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Norman, 25 F.3d at 1263.[2] A *de minimis* injury reveals that *de minimis* force was used. Id. at 1262. However, the Fourth Circuit has also acknowledged that in certain circumstances a claim may be made even if the injury is *de minimis*. Specifically, the Fourth Circuit has stated:

> There may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. *Cf.* Hudson, 503 U.S. at ----, 112 S.Ct. at 1000 ("diabolic" or "inhuman" physical punishment unconstitutional, regardless of injury). In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the *de minimis* force exception, see Hudson, 503 U.S. at ----, 112 S.Ct. at 1000 (citations omitted), or the pain itself will be such that it can properly be said to constitute more than *de minimis* injury.

Norman, at 1264, n. 4.

Here, the plaintiff has alleged injuries that are more than *de minimis*. Moreover, the kind of behavior alleged in the complaint, if true, could establish a violation of the Eighth Amendment. Accordingly, the undersigned is of the opinion that defendants Trent, Jacoby, McClain, Gaskins and McCray, should be made to answer the complaint as to the plaintiff's Eighth Amendment claims.

## IV. Recommendation

For the foregoing reasons, the undersigned makes the following recommendations:

---

[2] In Norman, a jail officer began swinging his cell keys in the direction of the prisoner's face when the prisoner became disruptive. The prisoner asserted that he put his hands up to cover his face, and the keys hit his right thumb causing his right hand to swell. The Court ruled that the prisoner sustained *de minimis* injuries proving that *de minimis* force was used.
   Further, the Fourth Circuit found in Taylor v. McDuffie, 155 F.3d 479 (4th Cir. 1998), cert. denied, 525 U.S. 1181 (1999), that the detainee's medical records revealed that as a result of the incident, the detainee suffered from "abrasions on his wrists and ankles, slight swelling in the jaw area, tenderness over some ribs and some excoriation of the mucous membranes of the mouth" and that such injuries were *de minimis*.
   On the other hand, the United States Supreme Court has found that "bruises, swelling, loosened teeth and a cracked dental plate" are not *de minimis*. Hudson at 10.

(1) the plaintiff's claims against defendant Elders be **DISMISSED with prejudice** and defendant Elders be dismissed as a defendant in this action;

(2) the plaintiff's claims of verbal threats and harassment against defendants Trent and McCray, or any other person, be **DISMISSED with prejudice**; and

(3) that the plaintiff's Eighth Amendment claims against defendants Trent, Jacoby, McClain, Gaskins, and McCray, proceed, and that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshal Service.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE